UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN RAMSEY                                CIVIL ACTION

VERSUS                                      NO. 15-162-JWD-EWD

THE PARISH OF ASCENSION, ET AL.

## NOTICE AND ORDER

Plaintiff filed this action on March 18, 2015, seeking damages under 42 U.S.C. § 1983 based upon his alleged unlawful arrest and incarceration on the charges of Pornography Involving Juveniles, La. R.S. 14:81.1, and Molestation of a Juvenile, La. R.S. 14:81.2.[1] On July 2, 2017, counsel for the parties informed the Court that Plaintiff is a criminal defendant in two cases currently pending in the Twenty-Third Judicial District Court for the State of Louisiana, where Plaintiff is charged with four (4) counts of Molestation of a Juvenile and one-hundred forty-eight (148) counts of Pornography Involving Juveniles.[2] Because the criminal charges pending against Plaintiff in state court form the basis of his Complaint, this Court has deferred the entry of a scheduling order and stayed all discovery in this matter since July 16, 2015.[3] In a Joint Status Report filed on August 25, 2017, counsel for the parties informed the Court that one of the criminal cases pending against Plaintiff is set for a jury trial on January 17, 2018 and the other case is set for trial status on the same date.[4]

For the reasons set forth herein, this matter is **STAYED** until resolution of the related criminal proceedings pending in state court. It is further **ORDERED** that the Clerk of Court

---

[1] R. Doc. 1.
[2] R. Doc. 24 at p. 8.
[3] *See*, R. Docs. 27, 39, 43, 47.
[4] R. Doc. 49.

**CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

I. **Procedural History**

As previously mentioned, on March 18, 2015, Plaintiff filed a Complaint against the Parish of Ascension, Ascension Parish Sheriff's Office, Sheriff Jeff Wiley, Detective Jason Jones, the Twenty-Third Judicial District Attorney's Office, Ricky L. Babin in his official capacity as District Attorney and XYZ Insurance Company (collectively, "Defendants").[5] In the Complaint, Plaintiff seeks monetary damages under 42 U.S.C. § 1983, asserting the Defendants violated his rights under Louisiana law and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution by: (1) unlawfully arresting Plaintiff without probable cause on May 7, 2014 and February 6, 2015;[6] (2) unlawfully incarcerating Plaintiff for the arrests without probable cause; (3) charging Plaintiff with numerous felonies on these arrests without probable cause; and (4) compelling Plaintiff to defend himself at two preliminary hearings without probable cause.[7] Plaintiff asserts that all of the foregoing violations of his constitutional rights resulted from the execution of two unlawful search warrants that were not based upon probable cause.

On May 22, 2015, the Twenty-Third Judicial District Attorney's Office and District Attorney Ricky L. Babin filed a Motion to Dismiss Pursuant to Rule 12(b)(6),[8] asserting that the

---

[5] R. Doc. 1.
[6] In the Complaint, Plaintiff first alleges that he was unlawfully arrested on May 7, 2014 and February 6, 2015 (R. Doc. 1 at ¶ 11), but later asserts that he was arrested on May 7, 2014 on 130 counts of Pornography Involving Juveniles (R. Doc. 1 at ¶ 12) and that he was "rearrested" on February 13, 2015 on 13 counts of Pornography Involving Juveniles (R. Doc. 1 at ¶ 13). Plaintiff also mentions a prior arrest on March 19, 2014 on four counts of Molestation of a Juvenile. R. Doc. 1 at ¶¶ 13, 15. The Motion to Dismiss filed by the Twenty-Third Judicial District Attorney's Office and District Attorney Ricky L. Babin asserts that Plaintiff was arrested on March 19, 2014 on four counts of Molestation of a Juvenile, that Plaintiff was arrested on May 7, 2014 for 135 counts of Pornography Involving Juveniles and that Plaintiff was arrested on February 18, 2015 for 13 additional counts of Pornography Involving Juveniles. R. Doc. 9-1 at pp. 6-7. Although there are minor discrepancies between the allegations contained in the Complaint and the Motion to Dismiss with respect to the dates of Plaintiff's arrests, it appears that the facts giving rise to the underlying criminal proceedings are the same as those that form the basis of the Complaint.
[7] R. Doc. 1 at pp. 4-16.
[8] R. Doc. 9.

District Attorney's Office is not a proper party to this suit under § 1983 or Louisiana law and that Plaintiff failed to state an official capacity claim against Babin.[9] The Motion to Dismiss also states that Plaintiff "is a criminal defendant before the Twenty-Third Judicial District Court, charged with four (4) counts of molestation of a juvenile, and one-hundred forty-eight (148) counts of pornography involving juveniles."[10] On May 26, 2015, the Parish of Ascension filed a Motion to Dismiss Pursuant to Rule 12(B)(6),[11] asserting that Plaintiff failed to state a claim against the Parish of Ascension because the Parish of Ascension is not the employer or policymaker of any of the named defendants and it is not responsible for the actions of any of the other defendants in this case.[12]

On June 1, 2015, Magistrate Judge Stephen C. Riedlinger issued a 90-Day Conference Order, setting a scheduling conference for July 16, 2015.[13] On July 2, 2015, the parties filed a Joint Status Report, which states the following:

> At present, plaintiff John Ramsey is a criminal defendant in two cases awaiting trial before the Twenty-Third Judicial District Court; docketed as *State of Louisiana v. John Ramsey*, case no. 32,415 and case no. 32,769, respectively. He is charged with four (4) counts of molestation of a juvenile, and one-hundred forty-eight (148) counts of pornography involving juveniles. Plaintiff submits that should either or both of the Defendants' previously filed Motion(s) to Dismiss be denied, this litigation should not be stayed pending the outcome of the criminal charges against plaintiff.[14]

On July 16, 2015, Judge Riedlinger issued a Scheduling Conference Report and Order Staying Discovery ("Report and Order"), deferring entry of a scheduling order and staying discovery "only so that the parties can still obtain rulings on the pending dispositive motions."[15]

---

[9] R. Doc. 9-1 at pp. 8-13.
[10] R. Doc. 9 at pp. 1-2.
[11] R. Doc. 10.
[12] R. Doc. 10-1 at pp. 1-2.
[13] R. Doc. 13.
[14] R. Doc. 24 at p. 8.
[15] R. Doc. 27 at p. 3.

The Report and Order provides that, "After ruling on the dispositive motions, the court can determine whether the case should be stayed pending resolution of the criminal charges."[16] The Report and Order further provides that, "This case will be reviewed periodically to determine whether another scheduling conference should be set, a scheduling order should be issued, or some other appropriate action taken."[17]

After resolution of the two dispositive motions,[18] a status conference was scheduled for February 22, 2016 to discuss the status of Plaintiff's state court criminal charges.[19] During the status conference, counsel for the Plaintiff advised that the state court criminal action was still in the discovery phase and was expected to continue through at least May 2016.[20] Based upon the status of the state court criminal action, the undersigned issued a Status Conference Report and Order on February 22, 2016, finding that the best course of action was to continue to defer entry of a scheduling order and continue the stay of discovery.[21]

On August 1, 2016, the undersigned issued a Notice to Counsel, directing counsel for the parties to file a Joint Status Report regarding the status of the state court criminal action by August 15, 2016.[22] On August 16, 2016, counsel for the parties filed a Joint Status Report, asserting that both of the criminal cases pending against Plaintiff in state court are scheduled for a Status Hearing on October 17, 2016.[23] Based upon the August 16, 2016 Joint Status Report, the undersigned issued a Notice to Counsel on August 23, 2016, finding good cause to continue to defer the entry of a scheduling order and to continue the stay of discovery.[24] The undersigned also ordered the

---

[16] *Id.*
[17] *Id.* at pp. 3-4.
[18] *See*, R. Docs. 29, 33, 34, 35.
[19] R. Doc. 36.
[20] R. Doc. 39.
[21] *Id.*
[22] R. Doc. 41.
[23] R. Doc. 42.
[24] R. Doc. 43.

parties to submit another Joint Status Report on the status of the state court criminal actions no later than November 30, 2016.[25]

On November 30, 2016, counsel for the parties filed a Joint Status Report, asserting that the two state court criminal actions "are presently scheduled for a Guilty Plea Cut-Off Date on January 17, 2017."[26] On March 7, 2017, the undersigned issued a Notice to Counsel directing counsel for the parties to submit another Joint Status Report on the status of the state court criminal actions no later than March 31, 2017.[27] On March 30, 2017, counsel for the parties filed a Joint Status Report, stating that one of the criminal cases is scheduled for a jury trial on June 21, 2017, while the other case is scheduled for trial status on July 17, 2017.[28] Based upon the March 30, 2017 Status Report, the undersigned issued a Notice to Counsel on April 10, 2017, finding good cause exists to continue to defer entry of a scheduling order and continue the stay of discovery.[29] The undersigned also directed the parties to submit a Joint Status Report on the status of the state court criminal actions no later than July 31, 2017.[30]

When counsel for the parties failed to file a Joint Status Report by July 31, 2017, the undersigned issued a Notice to Counsel on August 17, 2017, directing the parties to file a Joint Status Report regarding the status of the state court criminal actions no later than August 25, 2017.[31] On August 25, 2017, counsel for the parties filed a Joint Status Report, stating that one of Plaintiff's criminal cases is set for trial status on January 17, 2018, while the other case is set for a jury trial on that date.[32]

---

[25] *Id.*
[26] R. Doc. 44.
[27] R. Doc. 45.
[28] R. Doc. 46.
[29] R. Doc. 47.
[30] *Id.*
[31] R. Doc. 48.
[32] R. Doc. 49.

## II. Law and Analysis

In *Heck v. Humphrey*, the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The Supreme Court further held, "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Thus, "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)). Further, "[T]he *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges." *Collier v. Roberts*, Civ. A. No. 13-425-SDD-SCR, 2013 WL 5671154, at *2 (M.D. La. Oct. 15, 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1097-98, 166 L.Ed.2d 973 (2007)). In *Wallace*, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94, 127 S.Ct. at 1098. The Supreme Court further held that, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394, 127 S.Ct. at 1098 (citing *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S. at 487, 114 S.Ct. 2364).

In the instant case, there are two criminal cases pending against Plaintiff in state court based upon his arrests on May 7, 2014 and February 6, 2015, in which Plaintiff is charged with four (4) counts of Molestation of a Juvenile under La. R.S. 14:81.2 and one-hundred forty-eight (148) counts of Pornography Involving Juveniles under La. R.S. 14:81.1.[33] These are the same arrests that form the basis of Plaintiff's Complaint in this matter.[34] Because Plaintiff filed a Complaint alleging he was unlawfully arrested, incarcerated and "charged with numerous felonies" without probable cause before any conviction on the underlying criminal charges, a stay of this action is appropriate pending the resolution of Plaintiff's criminal charges in state court pursuant to *Wallace v. Kato*, 549 U.S. at 393-94, 127 S.Ct. at 1097-98. "[F]ederal courts are authorized to stay civil rights claims attacking the legality of a plaintiff's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded." *Iberia Texaco Food Mart, LLC v. Ackal*, Civ. A. No. 6:12-1450, 2013 WL 166396, at *2 (W.D. La. Jan. 14, 2013) (citing *Wallace*, 549 U.S. at 393-94, 127 S.Ct. at 1098).[35] "In accordance with that authorization, district courts within the Fifth Circuit . . . have routinely stayed civil rights actions when criminal charges remain pending." *Iberia Texaco Food Mart, LLC*, 2013 WL 166396, at *3.[36]

---

[33] *See*, R. Doc. 24 at p. 8.
[34] *See*, R. Doc. 1 at ¶¶ 12 and 13.
[35] To the extent Plaintiff's claim that he was compelled "to defend himself at two (2) preliminary hearings without probable cause" (R. Doc. 1 at p. 4) is also an attack on the validity of Plaintiff's arrest, prosecution or detention on the pending criminal charges, this matter should also be stayed. *See, Iberia Texaco Food Mart, LLC,* 2013 WL 166396, at *2.
[36] *See*, *Pellerin v. Neustrom*, Civ. A. No. 6:11-0776, 2011 WL 6749019, at *3 (W.D. La. Dec. 22, 2011); *Hood v. Smith*, Civ. A. No. 10-4343, 2011 WL378786, at *3–4 (E.D. La. Jan. 11, 2011); *Quinn v. Guerrero*, Civ. A. No. 4:09CV166, 2010 WL 412901, at *2 (E .D. Tex. Jan. 28, 2010); *Fox v. Campbell*, Civ. A. No. 6:09cv75, 2009 WL 1076809 (E.D. Tex. Apr. 21, 2009); *Holt v. Jefferson Parish Sheriff's Office*, Civ. A. No. 07-3606, 2007 WL 4114357, at *5–6 (E.D. La. Nov. 16, 2007); *Profit v. Ouachita Parish*, Civ. A. No. 09-1838, 2010 WL 1643800 (W.D. La. Apr. 21, 2010); *Caldwell v. Lambert*, Civ. A. No. 3:10–cv–0526, 2010 WL 3036488 (W.D. La. Aug. 2, 2010); *Brown v. Hill*, Civ. A. No. 09-2170, 2010 WL 1734721 (W.D. La. Apr. 28, 2010).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** in its entirety until the criminal proceedings against Plaintiff are completed, subject to the following condition: within thirty (30) days of the date all state court criminal proceedings have concluded, Plaintiff shall file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

Signed in Baton Rouge, Louisiana, on October 2, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**